STATE of Minnesota, Respondent,

v.

Rodney J. JEDLICKA, Appellant.

No. A07–0193.

Court of Appeals of Minnesota.

April 15, 2008.

Lori Swanson, Attorney General, St. Paul, MN, and Michael O. Freeman, Hennepin County Attorney, Thomas A. Weist, Assistant County Attorney, Minneapolis, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, Frank R. Gallo, Jr., Assistant State Public Defender, St. Paul, MN, for appellant.

Considered and decided by HALBROOKS, Presiding Judge; KLAPHAKE, Judge; and SCHELLHAS, Judge.

## OPINION

KLAPHAKE, Judge.

Appellant Rodney Jedlicka was notified by the district court at sentencing that he was subject to the predatory offender registration requirement of Minn.Stat. § 243.166 (2002) after he committed first-degree burglary in 2003 with criminal sexual conduct as its goal. An amendment to Minn.Stat. § 243.166 (2006) excluded appellant's conduct from the predatory offender registration requirement before he was actually required to register upon release from prison. He claims that the statutory amendment should apply retroactively and that he should be relieved of the registration obligation. The postconviction court ruled that the amended predatory offender statute could not be applied retroactively. We reverse and modify appellant's sentencing order to exclude the predatory offender registration notice.

## FACTS

On April 24, 2003, appellant Rodney Jedlicka entered an occupied home in Brooklyn Park and took money from a purse. At his plea hearing, he entered a straight plea to first-degree burglary, in violation of Minn.Stat. § 609.582, subd. 1(a) (2002). For purposes of seeking a

downward dispositional departure at sentencing, appellant admitted that he had a long history of voyeurism and that the burglary was prompted by his sexual impulses: he admitted that he entered the residence in order to get a better view of its occupant sunbathing on the porch.

Appellant's admission that the offense was motivated by his sexual impulses finds further support in a presentence investigation, a psychological evaluation, and a sex offender evaluation. The presentence investigation report outlines a criminal history that demonstrates a pattern of similar conduct, including a 1990 felony burglary conviction where appellant entered a private home to view through a window a woman sunbathing outside, and three misdemeanor offenses, two involving interference with privacy, and one involving obscene/harassing conduct.

At sentencing, the district court imposed a 39–month executed sentence and found that appellant was required to register as a predatory offender for ten years under Minn.Stat. § 243.166 (2002). After noting appellant's criminal history and other facts pertinent to his history of voyeurism, the court found that appellant's motivation for the current offense was not only to commit a residential burglary, but also to achieve sexual gratification, stating, "You didn't touch her I grant you that, but it is still a sex offense[,] and so I'm sentencing you as a sex offender." The court notified appellant that he would "have to register as a sex offender" and "give your DNA."

Appellant did not file a direct appeal of his conviction, but after he was released from prison on April 13, 2006, he petitioned the district court for a postconviction sentence clarification and correction. The motion was premised in part on a 2005 amendment to Minn.Stat. § 243.166, under which appellant's burglary offense would not require registration as a predatory

offender. The postconviction court denied the petition, concluding that the underlying facts supported appellant's predatory offender designation and that the 2005 amendment to the predatory offender statute could not be applied retroactively.

## ISSUES

1. Does Minn.Stat. § 243.166 (2006) apply retroactively to relieve appellant from the obligation to register as a predatory offender?

2. Does the district court have the authority to modify its order requiring appellant to register as a predatory offender?

## ANALYSIS

"On review of postconviction decisions, we extend a broad review of both questions of law and fact." *State v. Ferguson,* 742 N.W.2d 651, 659 (Minn.2007); *see White v. State,* 711 N.W.2d 106, 109 (Minn. 2006) ("[o]n review of a postconviction decision, this court determines whether there is sufficient evidence to support the postconviction court's findings"). This court will reverse a postconviction decision only for an abuse of discretion, and while we give de novo review to its legal determinations, we will reverse its factual findings only if clearly erroneous. *Schleicher v. State,* 718 N.W.2d 440, 445 (Minn.2006). The district court "abuses its discretion if it misinterprets or misapplies the law." *Johnson v. State,* 733 N.W.2d 834, 836 (Minn.App.2007), *review denied* (Minn. Sept. 18, 2007).

## I.

Appellant challenges his designation as a predatory offender, claiming that the district court lacked authority to make the designation; his underlying conduct would not obligate him to register under current law; and only the current registration

statute should apply to him. Based on the predatory offender statute in existence at the time of appellant's offense, we conclude that the district court had the authority to notify appellant that he should register as a predatory offender, but we also conclude that the current version of the statute, which would not require his registration, applies retroactively to him.

■ Appellant first contends that the district court improperly included the registration requirement as part of his sentence and that the determination that he is a person who should register as a predatory offender could be made only by the Commissioner of Corrections, because the registration requirement is regulatory rather than criminal. At the time of his offense, Minn. Stat § 243.166 (2002) generally defined the conduct that mandated registration as a predatory offender by reference to the underlying offense, but subdivision 1(a)(3) also allowed the district court to determine that a person should register if "the court found on its own motion or that of the prosecutor that the crime was part of a predatory pattern of behavior that had criminal sexual conduct as its goal[.]" This language is contrary to appellant's claim that "[t]here is no … statutory provision in section 243.166 … that allows a district court any other authority over the predatory offender mechanism." Thus, under the law in effect at the time of appellant's offense, the district court had authority to determine whether appellant qualified for registration as a predatory offender. The court also had the duty to notify appellant that he was required to register. Minn.Stat. § 243.166, subd. 2 ("When a person who is required to register under subdivision 1, paragraph (a), is sentenced … the court shall tell the person of the duty to register"); see Kaiser v. State, 641 N.W.2d 900, 907 (Minn.2002) (noting that "notice [of registration requirement] can be provided by an employee of the Department of Corrections, an executive branch agency, if the court fails to do so").[1]

■ Appellant also contends that the district court improperly included the registration requirement as part of his sentence. See id. (ruling predatory offender registration requirement is not part of sentencing). The district court stated that it was "sentencing [appellant] as a sex offender," but the court's sentencing order did no more than include notice of the registration requirement, as the court was required to do. See Minn.Stat. § 243.166, subd. 2. The postconviction court, with the same judge presiding as the sentencing judge, stated that its initial order requiring appellant to register "will stand as ordered in my original sentence." Under these circumstances, we conclude that the registration requirement was not a part of appellant's sentence but was properly included in the sentencing order. The district court's action was in conformance with the statute, which states that the district court must give notice of the registration requirement when the offender "is sentenced[.]" Id.

---

1. Appellant challenges the district court's findings supporting the registration order. Minn.Stat. § 243.166, subd. (3) (2002), mandates registration as a predatory offender if the court finds "that the crime was part of a predatory pattern of behavior that had criminal sexual conduct as its goal[.]" The district court found that appellant's conduct was motivated by "a predatory pattern of behavior that had sexual conduct as its goal." While the district court's registration determination did not track the exact language of Minn.Stat. § 243.166, subd. (3), it relied on appellant's prior behavior, the details of the current offense, and appellant's criminal intent. The court found that the crime was committed for sexual gratification and that it was a sex crime. The record supports these findings, and, contrary to appellant's claim, we conclude that these findings are sufficient.

■ Appellant next contends that the amended version of Minn.Stat. § 243.166 should be applied retroactively to relieve him of the duty to register as a predatory offender. Appellant's burglary conviction would not support designation as a predatory offender under the current statute, which now sets forth with particularity each type of offense to which the registration requirement applies. Minn.Stat. § 243.166, subd. 1b (2006). Further, the current statute no longer allows a district court the discretion to determine "upon its own motion" that an offender should register when the offender commits an offense that does not specifically qualify for registration. Id. These statutes became effective on June 3, 2005. See 2005 Minn. Laws ch. 136, art. 3, § 8.

The question then becomes whether the amended statute should be applied retroactively to appellant. Case law has upheld retroactive application of amendments to section 243.166. In State v. Lilleskov, 658 N.W.2d 904, 907–08 (Minn.App.2003), this court applied the statute retroactively to defendants who had committed qualifying juvenile offenses before the effective date of a 1994 amendment that required the registration of juvenile sex offenders. In discussing the retroactive application of the amendment, this court stated that, by its operation, the statute applies retroactively because it requires registration upon an offender's release into the community "without regard to the date of his conviction." Id. The court noted that similar laws "adopted around the country have been applied retroactively, either through explicit language or by judicial interpretation." Id. The court further noted that the "duty to register based on a status that is triggered by an earlier act, can hardly be understood except as applied retroactively." Id.; see State v. Manning, 532 N.W.2d 244, 247–48 (Minn.App.1995) (allowing retroactive application of predatory offender statute to those convicted of sex offenses prior to statute's effective date), review denied (Minn. July 20, 1995).

Because case law has approved retroactive application of amendments to this statute in other contexts, we are persuaded that the determination of those who are required to register should be defined by the 2005 amendment rather than by the earlier statutory language. This application of section 243.166 allows the legislature to enlarge or reduce the group of offender registrants as necessary to effectuate the purpose of the statute, "to create an offender registry to assist in law enforcement investigations." Kaiser, 641 N.W.2d at 905. We therefore conclude that Minn.Stat. § 243.166 (2006) applies retroactively to relieve appellant from the obligation to register as a predatory offender.

## II.

■ Respondent claims that this matter may not be heard by this court because appellant improperly filed a postconviction petition to correct his sentence rather than a declaratory action against the Commissioner of Corrections to challenge the statutory registration requirement under Minn.Stat. § 243.166. Appellant was sentenced on February 27, 2004, and his sentence became final 90 days after. See Minn. R.Crim. P. 28.05. Appellant did not challenge the district court order requiring registration until June 20, 2006, after his release from prison.

■ Regarding the timeliness of the petition, appellate courts have heard otherwise untimely postconviction petitions, under various circumstances, when to do so is in the interests of justice. In James v. State, 699 N.W.2d 723, 727–28 (Minn.2005), the supreme court considered the merits of a postconviction petition to challenge a

plea where the petition was filed 39 months after conviction, but the petitioner had not been informed of a statutorily required term of conditional release at the time of the plea. In its analysis, the *James* court enumerated other cases in which delays of up to 33 years existed but did not preclude relief, stating that although "timeliness is a factor in evaluating plea withdrawal petitions, we have elected in the great majority of cases to substantively review petitions on the merits—regardless of their timeliness—if the issues raised have not previously received substantive review." *Id.* at 731. Appellant did not file a direct appeal because at the time of his designation as a predatory offender, he had no legal basis for challenging the designation. It would be illogical to require appellant to challenge the district court's decision to give him notice of the registration requirement at the time of his designation as a predatory offender when the amendment to Minn.Stat. § 243.166 that retroactively relieved him of the registration requirement did not come into effect until after he was sentenced but before he was subject to actual registration upon release from prison.

■ Respondent also argues that even if the petition is construed as timely, the offender registration requirement was not a part of appellant's sentence and is therefore not appealable as a sentencing issue. It is well established in Minnesota that the requirement to register as a predatory offender is not punitive or a sentencing issue, but rather a civil and regulatory matter, the purpose of which is to "in-crease public safety by requiring a specific class of offenders to provide information to law enforcement authorities to assist in keeping track of them." *Kaiser*, 641 N.W.2d at 906. But by terms of the 2002 statute, the legislature allowed the district courts to give predatory offenders notice of the registration requirement at the time of sentencing. Minn.Stat. § 243.166, subd. 1(3) (2002). Here, the order for registration was a part of the sentencing order, and it is from this order that the appeal must be taken.

■ Respondent further argues that this matter is exclusively one for the Commissioner of Corrections, because the district court has no current statutory authority to determine whether appellant is subject to predatory offender registration and thus may not modify its original order requiring appellant to register. Appellant counters that the Commissioner of Corrections lacks authority to modify a district court order. Unfortunately, this case presents a tangled and peculiar procedural posture, the subject of which has not been addressed in Minnesota case law.[2] We are persuaded by the fundamental principle that an order issued by a district court must generally be reviewable by the district court. *See* Minn. R. Civ. P. 60.02 (allowing the district court to grant a party relief from an order or grant other relief as may be just for "any . . . reason justifying relief from operation of the [order]"). Thus, we conclude that the district court had the authority to address a challenge to its order because it issued the original order containing the provision that

2. In *Kaiser v. State*, 641 N.W.2d 900, 902 (Minn.2002), the supreme court determined whether a postconviction petitioner could claim lack of notice of the registration requirement as a basis for withdrawal of a guilty plea. But a Minnesota appellate court has only considered a direct challenge to the registration requirement after it was first raised to the Department of Corrections. *Boutin v. LaFleur*, 591 N.W.2d 711, 714 (Minn.1999) (addressing predatory offender registration requirement in appeal brought by released prisoner seeking declaratory judgment against Commissioner of Corrections to enjoin commissioner from requiring him to register).

gave appellant notice that he was required to register as a predatory offender.[3]

## DECISION

We reverse the district court's postconviction decision and modify appellant's sentencing order to exclude the requirement that he register as a predatory offender.

**Reversed.**

---

3. Respondent moves to strike any references in appellant's brief to "determinations and actions of the Department of Corrections," including the assignment of a corrections agent to his case, as outside the record. Appellant's brief states that a corrections agent was assigned to his case, but he does not provide the specific date of assignment. We strike appellant's reference to any facts regarding actions of the Department of Corrections that are not part of the district court record. *See* Minn R. Civ.App. P. 110.01 (defining composition of record on appeal as "papers filed in the trial court, the exhibits, and the transcript of the proceedings, if any").