In the Matter of the Risk Level
Determination of M.D.

No. A08–1363.

Court of Appeals of Minnesota.

June 9, 2009.

Lawrence Hammerling, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant Public Defender, St. Paul, for relator M.D.

Lori Swanson, Attorney General, Ryan Ellis, Noah A. Cashman, Assistant Attorneys General, St. Paul, for respondent state.

Considered and decided by TOUSSAINT, Chief Judge; STONEBURNER, Judge; and WILLIS, Judge.*

**OPINION**

STONEBURNER, Judge.

In this review by writ of certiorari, relator argues that because he was released from a Minnesota correctional facility to a Wisconsin correctional facility upon completion of his Minnesota sentence, he was not "released from confinement" within the meaning of Minn.Stat. § 244.052, subd. 3(a), and therefore, the Department of Corrections lacked authority to conduct a risk-level assessment and assign him a risk level when he was released from the Minnesota correctional facility.

**FACTS**

Relator M.D. was committed to the Minnesota Department of Corrections (DOC) after being convicted of fourth-de-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

gree criminal sexual conduct. While on conditional release, relator was charged with a crime in Wisconsin. Relator's conditional release was revoked and he was returned to a Minnesota correctional facility to complete his sentence. While imprisoned in Minnesota, relator was convicted of the Wisconsin offense and sentenced to ten years in prison followed by ten years of supervised release, to be served in Wisconsin at the conclusion of his incarceration in Minnesota.

Prior to relator's release from confinement in Minnesota, an End–of–Confinement Review Committee (ECRC), established by the DOC, assessed relator and assigned a predatory-offender risk level III to relator. Relator sought administrative review of the risk-level assignment, arguing that because he was not going to be released into the community, the DOC had no authority to assign a risk level to him. An administrative law judge (ALJ) upheld the DOC's authority to assign a risk level to relator under Minn.Stat. § 244.052, subd. 3(d)(iv) (requiring an ECRC to review a previously determined risk level at least 60 days before an offender is granted supervised release).

On relator's motion for reconsideration, the ALJ amended the order, concluding that Minn.Stat. § 244.052, subd. 3(d)(i) (requiring the ECRC to be convened to assign a risk level to a predatory offender at least 90 days before the offender is released from confinement), provides authority for a risk-level assignment to relator because an offender is released from confinement for purposes of Minn.Stat. § 244.052 when he is released from a Minnesota correctional facility. Relator sought review of both orders by writ of certiorari, arguing that because he was immediately incarcerated in Wisconsin, he was not released from confinement within the meaning of Minn.Stat. § 244.052 when

he was released from a Minnesota correctional facility.

## ISSUES

Does the DOC have authority under Minn.Stat. § 244.052 to assign a risk level to a predatory offender who has completed his Minnesota sentence and is released from a Minnesota correctional facility and placed in immediate confinement in a correctional facility in another state to serve an unrelated sentence?

## ANALYSIS

Relator argues that the DOC does not have authority to assign a risk level to him because he has not been released from confinement within the meaning of Minn. Stat. § 244.052. A person aggrieved by an agency's final decision in a contested case is entitled to judicial review of the decision. Minn.Stat. § 14.63 (2008). In reviewing the final decision in a contested case, this court may reverse the decision if the agency exceeds the statutory authority or jurisdiction of the agency. Minn.Stat. § 14.69(b) (2008). Questions of statutory interpretation are reviewed de novo. *In re Risk Level Determination of C.M.*, 578 N.W.2d 391, 395 (Minn.App.1998). "If an administrative agency's authority is questioned, [a reviewing] court independently reviews the enabling statute." *In re Risk Level Determination of R.B.P.*, 640 N.W.2d 351, 353 (Minn.App.2002) (quotation omitted), *review denied* (Minn. May 14, 2002).

> Every law shall be construed, if possible, to give effect to all its provisions. When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

Minn.Stat. § 645.16 (2008). "[T]he legislature does not intend a result that is ab-

surd, impossible of execution, or unreasonable...." Minn.Stat. § 645.17(1) (2008). If a statute's language is clear and unambiguous, a reviewing court must give effect to its plain meaning and refrain from engaging in any further interpretation. *State v. Bluhm,* 676 N.W.2d 649, 651 (Minn.2004). A statute is ambiguous if the language used in the statute is subject to more than one reasonable interpretation. *State v. Wukawitz,* 662 N.W.2d 517, 525 (Minn.2003).

Minn.Stat. § 244.052, subd. 3 (2008) provides, in relevant part:

> (a) The commissioner of corrections shall establish and administer [ECRCs] at each state correctional facility and at each state treatment facility where predatory offenders are confined. The committees shall assess on a case-by-case basis the public risk posed by predatory offenders who are about to be released from confinement.
>
> ....
>
> (d)(i) ... [A]t least 90 days before a predatory offender is to be released from confinement, the commissioner of corrections shall convene the appropriate [ECRC] for the purpose of assessing the risk presented by the offender and determining the risk level to which the offender shall be assigned.... Offenders scheduled for release from confinement shall be assessed by the committee established at the facility from which the offender is to be released.

"Confinement" is defined as "confinement in a state correctional facility or a state treatment facility." Minn.Stat. § 244.052, subd. 1(1) (2008). "Correctional facility," for purposes of sections 244.01 to 244.11, is defined as "any state facility under the operational authority of the commissioner of corrections." Minn.Stat. § 244.01, subds. 1, 4 (2008).

Relator nonetheless argues that section 244.052, subdivision 3, does not limit the definition of "state correctional facility" to Minnesota correctional facilities. We disagree because interpreting "state correctional facility" to mean a correctional facility in any state leads to absurd and impossible results.

Relator conceded at oral argument on appeal that "commissioner of corrections" as used in the statute refers to the Minnesota commissioner of corrections and does not include the "Secretary of Corrections" who heads the Wisconsin Department of Corrections, or the heads of other states' correctional facilities. Under relator's reading of the statute, section 244.052, subdivision 3(a), would require that the Minnesota commissioner of corrections establish and administer ECRCs at correctional facilities and treatment facilities in every state, the District of Columbia and the several territories[1]—a task that is impossible and absurd.

Relator argues that because section 244.052, subdivision 3a, contains the term "Minnesota correctional facility" the legislature demonstrated that when it wants to limit the meaning of "state correctional facility" to Minnesota's facilities it clearly does so. But that subdivision specifically addresses assignment of offenders from "other" states to a risk level and uses "Minnesota correctional facility" only once in the requirement that in assigning a risk level to these offenders, the ECRC "shall make reasonable efforts to conform to the same timelines applied to offenders released from a Minnesota correctional facility...." Minn.Stat. § 244.052, subd. 3a(c).

---

1. *See* Minn.Stat. § 645.44, subd. 11 (2008) (providing that term "state," when applied to a part of the United States, extends to and includes the District of Columbia and the several territories).

The use of "Minnesota" in this context strengthens our conclusion that the timelines and processes set out in the subdivision that precedes subdivision 3a refer only to Minnesota correctional facilities. Construing Minn.Stat. § 244.052 to give effect to all of its provisions, the term "state," unmodified by the terms "other" or "another," plainly refers only to Minnesota.

Relator argues that because the primary purpose of section 244.052 is to monitor sex offenders released into the community,[2] the purpose of the statute will be "frustrated" if an offender who will continue to be incarcerated in another state after release from a Minnesota correctional facility is assigned a risk level. But the provisions of the statute are clear and unambiguous and "the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16. Section 244.052 mandates the convening of an ECRC at the state correctional facility from which a predatory offender is to be released for the purpose of assigning a risk level to offender *no later* than 90 days before the offender is released, whether community notification will take place at the time of release or not. If the legislature intended that a risk level would be assigned to a predatory offender *no earlier* than a specified time before the offender is released into the community such that community notification is triggered, it could have so provided.

## DECISION

Relator was released from confinement in a state correctional facility within the meaning of section 244.052, subdivision 3, when he completed his Minnesota sentence and was released from a correctional facility under the operational authority of the commissioner of corrections. The ALJ correctly determined that the DOC had authority to convene the ECRC and the ECRC had authority to assign a risk level to relator under section 244.052, subdivision 3(d)(i), even though relator was immediately confined in a Wisconsin correctional facility to serve an unrelated sentence imposed by a Wisconsin court.

**Affirmed.**

---

**2.** *See State v. Lilleskov,* 658 N.W.2d 904, 908 (Minn.App.2003) (stating that the intended goal of section 244.052 is to monitor sex offenders released into the community).