*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2374**

Ivan Ray Vaughan,
Appellant,

vs.

Wade Setter, Superintendant, Minnesota Bureau of
Criminal Apprehension in his official capacity,
Respondent.

**Filed July 14, 2014
Affirmed
Bjorkman, Judge**

Ramsey County District Court
File No. 62-CV-12-9128

Bradford Colbert, Lauren Pockl (certified student attorney), Legal Assistance to Minnesota Prisoners, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, Angela Helseth Kiese, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Ross, Judge; and Hooten, Judge.

## U N P U B L I S H E D   O P I N I O N

**BJORKMAN**, Judge

Appellant challenges the district court's declaration that appellant is required to register as a predatory offender under Minn. Stat. § 243.166 (2012). Appellant argues

that requiring him to register based on an offense he was acquitted of in 1990 violates the presumption against retroactive laws and his substantive and procedural due-process rights. We affirm.

**FACTS**

In 1990, a jury found appellant Ivan Ray Vaughn guilty of fifth-degree criminal sexual conduct and two counts of burglary and acquitted him of a charge of third-degree criminal sexual conduct arising out of the same set of circumstances. The district court placed Vaughn on probation for six years.

In 1991, the Minnesota Legislature enacted the registration statute, which requires individuals convicted of certain enumerated offenses, including third-degree criminal sexual conduct, to register as predatory offenders. 1991 Minn. Laws ch. 285, § 3, at 1325-26. Two years later, the legislature amended the statute to also require registration by individuals charged with an enumerated offense and convicted of that offense or "another offense arising out of the same set of circumstances." 1993 Minn. Laws ch. 326, art. 10, § 1, at 2090. The Minnesota Bureau of Criminal Apprehension (BCA) did not inform Vaughn of his obligation to register at that time.

In January 2010, the BCA informed Vaughn that he is required to register as a predatory offender. Vaughn first registered in January 2012 and has been in compliance ever since. His registration term is expected to expire on October 27, 2023.

Vaughn initiated this action against respondent Wade Setter, superintendent of the BCA, seeking a declaration that the registration statute does not apply to him because the legislature did not clearly indicate that the 1993 amendment applies retroactively and

2

applying the registration statute to him violates his rights to substantive and procedural due process.[1]  The BCA moved for summary judgment, which the district court granted. This appeal follows.

## D E C I S I O N

Where, as here, there are no disputed material facts, we review a grant of summary judgment de novo, as a question of law.  *Kelly v. State Farm Mut. Auto. Ins. Co.*, 666 N.W.2d 328, 330 (Minn. 2003).

### I.      The registration statute applies retroactively to Vaughn.

Statutes and statutory amendments generally do not apply retroactively.  *State v. Traczyk*, 421 N.W.2d 299, 300 (Minn. 1988).  "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature."  Minn. Stat. § 645.21 (2012).  When enacting the registration statute, the legislature stated that it would apply to "offenders released from imprisonment on or after [the statute's effective date]."  1991 Minn. Laws ch. 285, § 13(a), at 1329.  We have recognized that this provision calls for retroactive application of the statute.  *See State v. Manning*, 532 N.W.2d 244, 247 (Minn. App. 1995), *review denied* (Minn. July 20, 1995).

Vaughn argues that the 1993 amendment is not retroactive because it did not contain a similar express indication of retroactivity.  We are not persuaded.  We have repeatedly held that amendments to the registration statute are retroactive.  *See, e.g.*, *State v. Jedlicka*, 747 N.W.2d 580, 584 (Minn. App. 2008) (2005 amendment removing

---

[1] Vaughn also asserted ex post facto and laches claims, which the district court rejected. Vaughn does not pursue those claims on appeal.

burglary offense from scope of registration statute); *State v. Lilleskov*, 658 N.W.2d 904, 908-09 (Minn. App. 2003) (1994 amendment extending scope of registration statute to juveniles). As we explained in *Lilleskov*, the goal of the registration statute, "to monitor sex offenders released into the community," would be "substantially impeded if it applied only to offenders who committed their offense after the statute's effective date." 658 N.W.2d at 908. We conclude the legislature plainly intended the registration statute and its amendments to apply retroactively to offenders like Vaughn.

## II. The registration statute is constitutional.

The constitutionality of a statute is a question of law, which we review de novo. *Irongate Enters., Inc. v. Cnty. of St. Louis*, 736 N.W.2d 326, 332 (Minn. 2007). We presume statutes are constitutional and will only declare a statute unconstitutional "when absolutely necessary." *ILHC of Eagan, LLC. v. Cnty. of Dakota*, 693 N.W.2d 412, 421 (Minn. 2005) (quotation omitted). A party challenging the constitutionality of a statute bears the heavy burden of demonstrating that the statute is unconstitutional beyond a reasonable doubt. *State v. Johnson*, 813 N.W.2d 1, 11 (Minn. 2012).

### Substantive due process

The Due Process Clauses of the Minnesota and United States Constitutions contain "a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 983 (1990); *see also Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 453 (Minn. 1988) (stating that due-process protection is "identical" under both constitutions). To satisfy substantive due process, all

4

statutes must "provide a reasonable means to a permissible objective." *Boutin v. LaFleur*, 591 N.W.2d 711, 716 (Minn. 1999). When a statute implicates a fundamental right, we apply strict scrutiny: the government must demonstrate that the law is necessary to serve a compelling state interest and narrowly tailored to serve that interest. *State v. Wiseman*, 816 N.W.2d 689, 692-93 (Minn. App. 2012), *cert. denied*, 133 S. Ct. 1585 (2013).

Vaughn argues that the registration statute infringes on his fundamental right to interstate travel because it requires him to notify other states of his registration status if he moves and that status may provide a basis for registration in other states even though his criminal history would not. But Vaughn concedes that he has no current or anticipated plans to move to any other state. He therefore cannot demonstrate that he has sustained or is in immediate danger of sustaining a direct injury to his interstate-travel right from enforcement of the registration statute, as he must to have standing. *See Paulson v. Lapa, Inc.*, 450 N.W.2d 374, 380 (Minn. App. 1990), *review denied* (Minn. Mar. 22, 1990).[2] Because Vaughn lacks standing to assert a violation of his right to interstate travel, we decline to address whether the registration statute is necessary and narrowly tailored to serve a compelling state interest. *See Citizens for a Balanced City v. Plymouth Congregational Church*, 672 N.W.2d 13, 18 (Minn. App. 2003) ("When a party does not have standing, a court does not have jurisdiction to hear the matter.").

---

[2] Neither the parties nor the district court addressed standing, but because standing goes to the validity of a cause of action a court may address it sua sponte at any time. *See Enright v. Lehmann*, 735 N.W.2d 326, 329 (Minn. 2007); *Builders Ass'n of Minn. v. City of St. Paul*, 819 N.W.2d 172, 176 (Minn. App. 2012).

Instead, we consider whether the statute provides "a reasonable means to a permissible objective." *Boutin*, 591 N.W.2d at 716. It is well established and undisputed that the registration statute satisfies the second part of this rational-basis standard. As the supreme court stated in *Boutin*, the legislature enacted the registration statute "to create an offender registry to assist law enforcement with investigations." *Id.* at 717; *accord Manning*, 532 N.W.2d at 248 (recognizing law-enforcement purpose of registration). And the legislature amended the statute two years later to include not only those convicted of predatory offenses but also those charged with a predatory offense and convicted of an offense arising out of the same circumstances to "ensure that true predatory offenders cannot plead out of the registration requirements." *State v. Lopez*, 778 N.W.2d 700, 704 (Minn. 2010).

Vaughn contends that requiring him to register does not reasonably serve these objectives because he was acquitted of the enumerated offense and therefore is not a predatory offender. We are not persuaded. First, the supreme court rejected the argument that "the state does not have an interest in registering nonpredatory offenders." *Boutin*, 591 N.W.2d at 718. Second, Vaughn equates the short-hand term "predatory offender"[3] with a person convicted of a predatory offense. But it is well established that the registration statute is regulatory, not punitive, and does not employ a criminal standard in defining who is a predatory offender. *See id.* at 717; *Manning*, 532 N.W.2d at 248. Rather, the statute requires registration when an individual is convicted of a felony

---

[3] The term "predatory offender" is used in the statute's title and as a means of describing the statute, but it is not a defined statutory term and does not appear in the provisions identifying who is subject to the statute's obligations. *See* Minn. Stat. § 243.166.

6

and there is (at a minimum) probable cause to believe that the underlying set of circumstances involved predatory conduct. *See* Minn. Stat. § 243.166, subd. 1b; *Lopez*, 778 N.W.2d at 705 (recognizing that combination of "threshold factual showing of probable cause" and "conviction for another offense 'arising out of the same set of circumstances' limits the number of defendants who might be forced to register"). Individuals who fall within these parameters—including, undisputedly, Vaughn—are the "true predatory offenders" that the registration statute is intended to encompass. *See Lopez*, 778 N.W.2d at 704.

Vaughn also argues that even if his conduct was predatory, its relevance to law enforcement investigations has grown stale in the decades since his conviction offenses. We disagree. While Vaughn correctly asserts that the registration statute requires most predatory offenders to register for a period of ten years, *see* Minn. Stat. § 243.166, subd. 6(a), the ten-year registration term is not static. The statute extends the registration period (1) to coincide with any probation, supervised-release, or conditional-release term for the conviction offense that extends beyond ten years; (2) when an offender fails to comply with the registration requirements; and (3) to account for interim periods of incarceration or civil commitment. Minn. Stat. § 243.166, subd. 6(a)-(c). These statutory extensions reflect the legislature's recognition that the passage of time diminishes the relevance of past predatory conduct only if that time does not include subsequent criminal conduct. We are persuaded that monitoring predatory offenders until they have been law-abiding citizens in the community for ten years is a reasonable means of furthering the law-enforcement objectives recognized in *Boutin*.

On this record, we conclude that Vaughn has failed to show the registration statute violates his right to substantive due process.

**Procedural due process**

The Due Process Clauses also provide "a guarantee of fair procedure" before the government can deprive an individual of protected "liberty" or "property" interests. *Zinermon*, 494 U.S. at 125, 110 S. Ct. at 983; *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 901 (1976); *see also Sartori*, 432 N.W.2d at 453. Accordingly, the first step in considering a procedural due-process claim is determining whether "a protectable liberty interest is at stake." *Boutin*, 591 N.W.2d at 718. Where the interest at stake is a person's reputation, the complainant must demonstrate injury to reputation plus the loss of some other tangible interest—the "stigma-plus test." *Id.*

The supreme court recognized in *Boutin* that "being labeled a 'predatory offender' is injurious to one's reputation," thus satisfying the "stigma" requirement. *Id.* With respect to the "plus" requirement, Vaughn argues that the registration statute deprives him of tangible interests by (1) imposing substantial registration obligations and serious criminal penalties for noncompliance and (2) interfering with interstate travel. His second argument is unavailing because, as we discussed above, he alleges no actual or imminent injury to his right to interstate travel. Vaughn's first assertion, however, warrants further consideration.

In *Boutin*, the supreme court rejected the argument that "complying with the requirements of the registration statute amounts to the loss of a recognizable interest," reasoning that "there is no recognizable interest in being free from having to update

8

address information." *Id.* at 718. Vaughn urges us not to follow *Boutin*, arguing that the supreme court failed to consider the full scope of obligations and consequences flowing from the registration statute and the legislature has increased those burdens substantially in the 15 years since *Boutin* was decided. We are not persuaded.

First, even if the supreme court erred as Vaughn asserts, it is outside the purview of this error-correcting court to overrule the supreme court. *State v. Grigsby*, 806 N.W.2d 101, 114 (Minn. App. 2010), *aff'd*, 818 N.W.2d 511 (Minn. 2012). Second, Vaughn identifies only two changes to the registration statute since *Boutin*, neither of which has impaired his liberty interests. Vaughn highlights that predatory offenders now are required to disclose their predatory-offender status to certain health-care facilities before being admitted for inpatient treatment. *See* Minn. Stat. § 243.166, subd. 4b. But Vaughn has not demonstrated that he has been or is likely to be deprived of health care because of this limited disclosure requirement. He also points out that failure to register was a gross misdemeanor offense at the time of *Boutin* and now is a felony offense. *See id.*, subd. 5. But increasing the penalty for failure to comply with the requirements of the registration statute does not make the act of compliance itself more onerous. Moreover, any potential loss of liberty would be a consequence for knowing failure to comply with those requirements, after such failure was established through the full process afforded a defendant in a criminal proceeding. In short, Vaughn has not demonstrated that the registration statute restricts his liberty any more now than it did at the time of *Boutin*.

9

On this record, we conclude Vaughn has not demonstrated that the registration statute violates his right to procedural due process.

**Affirmed.**