*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0984**

Danny Lee Zinski, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed July 13, 2015
Reversed and remanded
Minge, Judge**[*]

Washington County District Court
File No. 82-KX-95-004671

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica Surges Shacka, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Pete Orput, Washington County Attorney, Robin M. Wolpert, Assistant County Attorney, Stillwater, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Larkin, Judge; and Minge, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**MINGE**, Judge

Appellant Danny Lee Zinski seeks review of the district court order denying his petition for postconviction relief, which sought to withdraw his guilty plea. Because his guilty plea was induced by an unfulfillable promise, we reverse and remand.

## FACTS

This is an appeal from a denial of a petition for postconviction relief stemming from a 1995 guilty plea. On October 3, 1995, the state charged appellant with first-degree burglary, in violation of Minn. Stat. § 609.582, subd. 1(c) (1994), and fourth-degree criminal sexual conduct, in violation of Minn. Stat. § 609.345, subds. 1(c), 2 (1994). These charges arose from an incident on September 29, 1995, in which appellant broke into his ex-girlfriend's home, pinned her down, rubbed himself on her, and then ejaculated on her leg. Appellant waived any omnibus issues and entered a plea of not guilty at the omnibus hearing.

At the November 9, 1995 plea hearing, the state amended the first-degree burglary charge to gross misdemeanor harassment, in violation of Minn. Stat. § 609.748, subd. 2 (1994). Appellant pleaded guilty to the harassment charge in exchange for the dismissal of the criminal sexual conduct charge. The prosecutor then examined appellant and established the factual basis for the gross misdemeanor guilty plea. The district court accepted the guilty plea and sentenced appellant to:

> A $3,000 fine and 365 days in jail, with $3,000 of the
> fine and 305 days suspended for a period of two years on the
> condition that you remain under probation with the

2

> Washington County Department of Court Services, subject to every rule of the Department of Court Services, including the requirement that you remain law abiding, have no same or similar offenses, no criminal convictions, that you keep in contact with your probation agent in writing and advise him or her of every change of address that you have in writing; that you serve 60 days in the Washington County Jail, with credit for time served; that you have no contact whatsoever with the victim . . . .

The district court did not instruct appellant that he had to or would need to register as a predatory offender, under Minn. Stat. § 243.166 (1994). In December 1996, appellant's sentence was executed due to a violation of the terms of his probation, he was ordered to serve 305 days in jail, and his sentence expired in 1997. Appellant never registered nor was directed to register as a predatory offender prior to serving the jail time or upon release.

On July 18, 2013, appellant was convicted of being a felon in possession of a firearm, in violation of Minn. Stat. § 609.165, subd. 1b(a) (2012), and sentenced to prison for 60 months. While incarcerated, appellant's caseworker determined that appellant was required to register as a predatory offender based on his 1995 harassment conviction. The caseworker completed the registration forms, but appellant refused to sign them.

Appellant filed a pro se petition for postconviction relief on October 31, 2013, seeking relief from the predatory-offender-registration requirement. In appellant's supporting affidavit, he asserted that he was never advised of the predatory-offender-registration requirement. On January 15, 2014, the Minnesota Appellate Public Defender's Office filed a supplemental brief in support of appellant's petition for

postconviction relief, challenging the 1995 guilty plea and alleging ineffective assistance of counsel.

After a hearing, the district court denied appellant's petition for postconviction relief. In upholding the 1995 plea, the district court found that appellant's sentence did not "include any announced condition" that appellant would comply with the registration requirement of the predatory-offender-registration statute and that the state of Minnesota and Washington County Community Corrections never required him to register during the time of his probation or at the expiration of his sentence. The district court therefore concluded that appellant's "claimed expectations regarding his plea agreement were completely fulfilled and satisfied in that he was not required to register."

Appellant seeks review of the denial of his petition.

## DECISION

The basic issue is whether the postconviction court erred when it denied appellant's petition for postconviction relief. Although 18 years have passed since appellant's conviction, the timeliness of his petition is not at issue in this proceeding.[1] Appellant asserts that his plea may be withdrawn because it was based on an unfulfillable

---

[1] The two-year time limit for postconviction relief in Minn. Stat. § 590.01 is not jurisdictional and may be forfeited by failure to assert it. *Carlton v. State*, 816 N.W.2d 590, 601 (Minn. 2012). Although the state challenged the timeliness of appellant's postconviction petition at the district court, the state did not raise or brief the issue on appeal. Thus, we will not consider it. *See State v. Butcher*, 563 N.W.2d 776, 780 (Minn. App. 1997) (stating issues not briefed on appeal are waived), *review denied* (Minn. Aug. 5, 1997). We are troubled that the court and corrections did not notice appellant's 18-year delay in registering until his caseworker directed him to register in 2013. Once appellant was notified of this registration requirement, he promptly sought relief from registration.

4

promise, and we proceed to consider that question. To withdraw a guilty plea after sentencing, a defendant must show withdrawal is necessary to correct a manifest injustice. *State v. Raleigh*, 778 N.W.2d 90, 93-94 (Minn. 2010) (citing Minn. R. Crim. P. 15.05, subd. 1). A manifest injustice exists when a court accepts an invalid guilty plea. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). To be valid, a plea must be accurate, voluntary, and intelligent. *Id.* Whether a guilty plea was valid and whether a district court erred in denying a petition for the withdrawal of a guilty plea are questions of law that we review de novo. *Raleigh*, 778 N.W.2d at 94.

When an unfulfilled or unfulfillable promise induces a guilty plea, the voluntariness of the plea is drawn into question. *James v. State*, 699 N.W.2d 723, 728-29 (Minn. 2005). "To determine whether a plea is voluntary, the court examines what the parties reasonably understood to be the terms of the plea agreement." *Raleigh*, 778 N.W.2d at 96. A plea is intelligent if the defendant understands (1) the charges against him, (2) the rights waived by pleading guilty, and (3) the consequences of the plea. *Williams v. State*, 760 N.W.2d 8, 15 (Minn. App. 2009), *review denied* (Minn. Apr. 21, 2009). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495 (1971). "Determining what the parties agreed to in a plea bargain is a factual inquiry for the postconviction court to resolve." *James*, 699 N.W.2d at 728. The interpretation and enforcement of plea agreements, however, present legal issues that we review de novo. *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000).

First, we address the issue of whether appellant was required to register in 1995 as a predatory offender based on his guilty plea to harassment. The predatory-offender-registration statute in effect provided:

> Subdivision 1. Registration required. A person *shall* register under this section if:
> (1) the person was charged with or petitioned for a felony violation of or attempt to violate any of the following, and convicted of or adjudicated delinquent for that offense *or of another offense arising out of the same set of circumstances*:
> . . . .
> (iii) criminal sexual conduct under section 609.342; 609.343; 609.344; or 609.345; or . . .
> . . .
> Subd. 6. Registration Period. . . . [A] person required to register under this section shall continue to comply with this section until ten years have elapsed since the person was initially assigned to a corrections agent in connection with the offense, or until the probation, supervised release, or conditional release period expires, whichever occurs later. . . .

Minn. Stat. § 243.166, subds. 1, 6 (1994) (emphasis added). Here appellant pleaded guilty to a harassment offense arising from the same set of circumstances as his fourth-degree criminal sexual conduct charge under Minn. Stat. § 609.345. Thus, at the time of the plea hearing, appellant was required to register as a predatory offender. *See State v. Lopez*, 778 N.W.2d 700, 704 (Minn. 2010) ("Minnesota Statutes § 243.166 mandates that a person 'shall register' as a predatory offender.").

In 2000, subdivision 6 was amended to require additional registration by a predatory offender after new offenses:

> If a person required to register under this section is incarcerated due to a conviction for a new offense or following a revocation of probation, supervised release, or

6

conditional release for any offense, the person shall continue to register until ten years have elapsed since the person was last released from incarceration or until the person's probation, supervised release, or conditional release period expires, whichever occurs later.

2000 Minn. Laws ch. 311, art. 2, at 195. This amendment to the predatory registration statute is applied retroactively. *State v. Lilleskov*, 658 N.W.2d 904, 908 (Minn. App. 2003) ("The predatory-offender-registration statute, which imposes a duty to register based on a status that is triggered by an earlier act, can hardly be understood except as applied retroactively."). If appellant had not pleaded guilty to the 1995 harassment offense, he would not have been instructed to register for his new offense in 2013 as his 2013 conviction—felon in possession of a firearm—does not require predatory offender registration.

Appellant contends that had he been informed of or aware of the mandatory predatory-offender registration, he would not have entered a guilty plea. The state's failure to preserve the record complicates the determination of whether appellant's plea was induced by an understanding that the registration requirement was not applicable.

The district court and the Minnesota Department of Corrections have a duty to inform a defendant that he or she is required to register as a predatory offender:

> Subd. 2. Notice. When a person who is required to register under this section is sentenced, the court shall tell the person of the duty to register under this section. The court shall require the person to read and sign a form stating that the duty of the person to register under this section has been explained. If a person required to register under this section was not notified by the court of the registration requirement at the time of sentencing, the assigned corrections agent shall notify the person of the requirements of this section.

Minn. Stat. § 243.166, subd. 2 (1994); *see also Kaiser v. State*, 641 N.W.2d 900, 907 (Minn. 2002) (explaining that "notice [of the registration requirement] can be provided by an employee of the Department of Corrections, an executive branch agency, if the court fails to do so"). It is apparent that neither the district court nor the department of corrections informed appellant of the registration requirement or required him to register at the time of his conviction and sentencing for the 1995 gross misdemeanor harassment offense. It was not until he was incarcerated in 2013 for an unrelated felon-in-possession-of-a-firearm conviction that the registration question arose.

A review of the transcripts reveals that the parties were aware of the registration requirement during the 1995 plea hearing and that they attempted to avoid its application:

> THE COURT: All right. In any event, why don't you tell me, is there a plea agreement here?
> . . .
> [Defense Counsel]: Your Honor, it's my understanding that the following will occur. That with respect to the felony charges being prosecuted by [the state], the charge of criminal sexual conduct in the fourth degree will be amended to harassment.
> [Prosecution]: That's not correct, Your Honor. If I could, Count I of the Complaint, the first degree burglary, will be amended to gross misdemeanor harassment, 609.748, Subd. 2, and Count II would be dismissed. If we were to amend Count II, there would still be a registration requirement and I don't believe that had been contemplated.
> [Defense Counsel]: No. And then we would strongly urge that you'd amend Count I rather than Count II, and I stand corrected.
> . . .
> [Prosecution]: That's correct, Your Honor, and the plea agreement contemplated a 60 day cap on jail time. It's my understanding that the defendant has already served 40 days. Obviously there would be two years' probation, there would

> be a continuation of a no-contact order with the victim. There are CD issues here, so we would request a CD evaluation and a psych evaluation as part of the PSI.

In the postconviction proceeding, the district court found that the lack of a registration requirement did not induce appellant to accept the 1995 plea. The court relied on the affidavits submitted by appellant and concluded that appellant is an "unreliable reporter." After submitting his pro se affidavit, which stated that he was not advised of a registration requirement, appellant secured the assistance of a public defender and an additional affidavit was submitted. Appellant's second affidavit stated that, prior to pleading guilty, his attorney told him that he would not have to register. The second affidavit also stated that had his attorney, the prosecutor, or the court advised him that he would have to register, then he would not have pleaded guilty.

We normally defer to credibility determinations made by the fact-finder. *Dale v. State*, 535 N.W.2d 619, 623 (Minn. 1995). However, less deference is required when the credibility determination is based on affidavits and not on witness testimony. "When the critical evidence is documentary, there is no need to defer to the trial court's assessment of its meaning or credibility." *Speckel by Speckel v. Perkins*, 364 N.W.2d 890, 893 (Minn. App. 1985).

Although appellant's affidavits may seem contradictory, appellant persuasively reconciles the affidavits in his brief. Appellant's first, pro se affidavit indicates that he was not advised that he needed to register. Appellant's second affidavit, prepared by his newly acquired appellate lawyer, indicates appellant was affirmatively told that he did not need to register. Not being told to register and being told that he did not need to

9

register are not necessarily inconsistent. Additionally, the record demonstrates that the parties attempted to avoid the registration requirement by amending the burglary charge and dismissing the criminal sexual conduct charge. The context of this amendment supports the conclusion that both the prosecutor and defense counsel treated the registration requirement as a significant consideration in the plea agreement. This conclusion is further supported by the fact that appellant was never informed that he had been required to register until 2013—after he committed a new offense that purportedly trigged an additional registration period under the amended registration statute. Minn. Stat. § 243.166, subd. 6(c).[2]

Based on this record, we conclude appellant's plea was induced by an unfulfillable promise and that as a result the voluntariness of appellant's guilty plea is drawn into question. Because an involuntary plea is an invalid plea, it would be a manifest injustice if appellant were not allowed to withdraw his guilty plea. *See State v. Theis*, 742 N.W.2d 643, 650 (Minn. 2007) (allowing withdrawal of guilty plea under the manifest-injustice

---

[2] We note that this amended statute added a registration requirement "until ten years have lapsed since the [predatory offender] was last released from incarceration." It is not clear whether this ten-year period runs from release for the prior offense in which registration was required or whether this registration requirement is triggered at any point in the life of a once predatory offender who subsequently reoffends and is incarcerated. This issue of the nature and scope of the retroactive application of the 2000 amendatory language is not raised in this appeal, and we do not attempt to resolve the question. It would be a significant step for the legislature to mandate a lifelong registration obligation that could be triggered by any future incarceration unrelated to any predatory-offender conduct.

standard when state alleged prejudice as a result of the withdrawal).  We reverse the conviction and remand for withdrawal of the guilty plea.

**Reversed and remanded.**