**David ST. AUBIN, as Trustee for the heirs and next-of-kin of JoAnne St. Aubin, Appellant,**

v.

**M. Desmond BURKE, M.D., et al., Defendants,**

**Daniel C. Conlon, M.D., Cassius Ellis, M.D., Frederick H. Kravitz, M.D., Respondents.**

**No. C6–88–1476.**

Court of Appeals of Minnesota.

Jan. 17, 1989.

Review Denied March 29, 1989.

Gene P. Bradt, Mary Kay Kolar, St. Paul, for appellant.

Greer Lockhart, Rebecca L. Moos, Bassford, Heckt, Lockhart & Mullin, P.A., Minneapolis, for Daniel C. Conlon, M.D.

Robert E. Salmon, Robert M. Frazee, Raymond L. Tahnk–Johnson, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for Cassius Ellis, M.D.

David D. Alsop, Gislason, Dosland, Hunter & Malecki, Minnetonka, for Frederick H. Kravitz, M.D.

Heard, considered and decided by FOLEY, P.J., and NORTON and FLEMING,* JJ.

### OPINION

FOLEY, Judge.

Appellant David St. Aubin, as Trustee for the heirs and next-of-kin of JoAnne St. Aubin, appeals from summary judgment

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

granted in favor of respondent Cassius Ellis, M.D. on the grounds that it was time-barred. We affirm.

## FACTS

JoAnn St. Aubin was referred to Ellis by her regular physician. On March 3, 1980, Ellis performed a right breast biopsy upon her. Ellis last treated JoAnn St. Aubin on March 19, 1980. On March 3, 1982, JoAnn St. Aubin had another breast biopsy by another physician that revealed cancer. JoAnn and David St. Aubin brought suit against M. Desmond Burke, M.D., respondent Daniel C. Conlon, M.D., Ellis, Charles Horowitz, M.D. and respondent Frederick H. Kravitz, M.D. on November 23, 1982, alleging medical malpractice.

On October 28, 1983, the trial court denied the motion of Burke, Ellis and Horowitz for summary judgment. On February 8, 1984, JoAnn died from a metastasis of breast cancer to the lungs. On March 4, 1988, the trial court granted Ellis' motion for summary judgment. St. Aubin appeals. St. Aubin's petition to the Minnesota Supreme Court for accelerated review was denied on August 11, 1988.

## ISSUES

1. Did the trial court err in granting summary judgment?

2. Should this court adopt a discovery rule in Minnesota in continuing treatment cases where medical malpractice is asserted?

3. Was St. Aubin deprived of due process of the law?

## ANALYSIS

On appeal from summary judgment, it is the function of the appellate court to determine whether genuine issues of material fact exist and whether the trial court erred in its application of the law. *Hunt v. IBM Mid America Employees Federal Credit Union*, 384 N.W.2d 853, 855 (Minn.1986). *See also* Minn.R.Civ.P. 56.03. Here, St. Aubin raises the issues of whether we should adopt the discovery rule [1] in medical malpractice cases and whether he was denied due process of the law.

1. Minn.Stat. § 541.07 (1983) provides in part:

Except where the uniform commercial code or this section otherwise prescribes, the *following actions shall be commenced within two years:*

* * * *all actions against physicians,* surgeons, dentists, other health care professionals as defined in section 145.61, and veterinarians as defined in chapter 156, hospitals, sanatoriums, *for malpractice,* error, mistake or failure to cure, whether based on contract or tort;

*Id.* (emphasis added).

In *Schmitt v. Esser*, 178 Minn. 82, 226 N.W. 196 (1929), the Minnesota Supreme Court held that the statute of limitations begins to run when the treatment ceases. *Id.* at 86, 226 N.W. at 197. Since then, Minnesota has continued to follow the "termination of treatment rule." *See Johnson v. Winthrop Laboratories Division of Sterling Drug, Inc.*, 291 Minn. 145, 190 N.W.2d 77 (1971).

Here, it is undisputed that the last date of treatment by Ellis was March 19, 1980. Since suit was commenced on November 23, 1982, clearly this falls outside of the limitation set forth in the statute and summary judgment was properly granted as a matter of law.

St. Aubin relies on *Offerdahl v. University of Minnesota Hospitals & Clinics*, 426 N.W.2d 425 (Minn.1988). There, the supreme court held:

Alleged negligence coupled with the alleged resulting damage is the gravamen in deciding the date when the cause of actions accrues. *Dalton v. Dow Chemical Co.*, 280 Minn. 147, 153, 158 N.W.2d 580, 584 (1968). Offerdahl's alle-

---

**1.** *Johnson v. Caldwell,* 371 Mich. 368, 123 N.W.2d 785 (1963), discusses the discovery rule:

Simply and clearly stated the discovery rule is: The limitation statute or statutes in malpractice cases do not start to run until the date of discovery, or the date when, by the exercise of reasonable care, plaintiff should have discovered the wrongful act.

*Id.* at 379, 123 N.W.2d at 791.

gation of negligence relates to acts or omissions by the University on August 9, 1977, the date the Copper–7 IUD was inserted. Under *Dalton*, her cause of action accrued when she sustained damage resulting from this negligence.

*Id.* at 429. The supreme court stated that Offerdahl sustained damage and was aware of it on January 28, 1979. Her cause of action accrued on that date. We view the supreme court's reference in *Offerdahl* to knowledge of damage by the patient as dicta that does not change the law established in *Dalton* and reaffirmed in *Johnson*.

2. Next, St. Aubin argues that we should adopt the discovery rule here. Our function at the appellate level is unique. The introduction to the Minnesota Court of Appeals Internal Rules states:

> The Court of Appeals is an intermediate appellate court. It is primarily decisional and error correcting rather than a legislative or doctrinal court. Its primary function is the correction of error by application of legal principles. Its task is to find the law, to state it and to apply it to the facts. Only when there are no statutory or judicial precedents to follow will the Court of Appeals make new law.

If the discovery rule is to apply in continuing treatment cases in Minnesota, a clear expression in that regard should be set out by the supreme court. It is not our role to abolish nearly 60 years of established judicial precedent. The Minnesota Supreme Court may elect to do so, but to date it has not.

■ 3. Finally, St. Aubin raises for the first time on appeal the issue of denial of his due process rights. Constitutional issues may not be raised for the first time on appeal. *St. Paul Citizens for Human Rights v. City Council of St. Paul*, 289 N.W.2d 402, 407 (Minn.1979). St. Aubin concedes that Ellis was first notified of St. Aubin's intent to raise constitutional issues in the statement of the case for this appeal. Accordingly, we will not address this issue as it is not properly before this court.

DECISION

AFFIRMED.