*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0756**

State of Minnesota,
Appellant,

vs.

T. J. Z.,
Respondent.

**Filed February 23, 2015
Affirmed
Reilly, Judge**

Wright County District Court
File No. 86-CR-11-6628

Thomas N. Kelly, Wright County Attorney, Greg T. Kryzer, Assistant County Attorney, Buffalo, Minnesota (for appellant)

Daniel P. Repka, Repka Law, LLC, St. Paul, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Stauber, Judge; and Chutich, Judge.

## U N P U B L I S H E D   O P I N I O N

**REILLY**, Judge

The state challenges the district court's order statutorily expunging a controlled-substance charge against T.J.Z., arguing that (1) not all proceedings were resolved in T.J.Z.'s favor, (2) clear and convincing evidence does not support expungement, and (3) the state lacks the ability to seal only a portion of T.J.Z.'s criminal record. We affirm.

**FACTS**

On April 6, 2011, Wright County Sheriff's deputies encountered respondent T.J.Z. in the parking lot of a jewelry store. Respondent had severely bloodshot eyes, his speech was slurred, he appeared anxious, nervous, and fidgety, and he failed a series of field sobriety tests. A search of the vehicle turned up numerous prescription bottles and an old pill bottle containing three pills, including Suboxone, a Schedule III controlled substance. T.J.Z. submitted a sample of his blood for testing. The toxicology report indicated that T.J.Z. had numerous drugs in his system, including Hydromorphone, a Schedule II controlled substance. The state subsequently charged T.J.Z. with one count of fifth-degree possession of a controlled substance and one count of fourth-degree driving while impaired.

On December 28, T.J.Z. entered a plea of guilty to both charges in exchange for a "stay of adjudication" on the controlled-substance offense and imposition of a concurrent sentence on the impaired driving offense.[1] The district court accepted the plea agreement and placed T.J.Z. on probation "to and under the Minnesota Department of Corrections for a period of zero to five years" under Minn. Stat. § 152.18 (2012) on the controlled-substance crime, with certain conditions. For the impaired-driving offense, the district court adjudicated T.J.Z. guilty and imposed a 90-day sentence, stayed for one year under certain conditions.

---

[1] The plea petition says "152.18 stay of adjudication." Minnesota Statute section 152.18 allows for deferring prosecution for certain first time drug offenders and for dismissal of the proceedings and discharge of probation without entering a judgment of guilt if the person successfully complies with the conditions of probation.

On March 4, 2013, the Minnesota Department of Corrections issued a progress report indicating that T.J.Z. was in compliance with the terms of his probation. Accordingly, the department recommended an early release from probation. On April 15, the commissioner of corrections recommended that T.J.Z. be discharged from probation without an adjudication of guilt. The district court granted the request, ordering that "the proceedings against [T.J.Z.] are hereby dismissed and [he] is discharged from probation without an adjudication of guilt."

In November 2013, T.J.Z. filed a petition for expungement requesting that the district court expunge his controlled-substance conviction under its statutory authority and the impaired-driving conviction under the district court's inherent authority. The state opposed the petition, arguing that respondent was not entitled to statutory relief because the entire matter was not resolved in his favor. The district court issued its decision on March 13, finding that T.J.Z. was entitled to a statutory expungement on the controlled-substance crime for "all records relating to the arrest, indictment or information, trial and dismissal and discharge for Count 1, fifth degree possession of a controlled substance." The district court denied T.J.Z.'s petition to expunge his criminal records for the impaired-driving offense under the court's inherent authority. The state thereafter filed this appeal.

## DECISION

## I.

This case involves the interpretation and construction of the expungement statute, Minn. Stat. § 609A.02 (2012), and Minn. Stat. § 152.18. The proper construction of a

3

statute is a question of law subject to de novo review. *State v. Ambaye*, 616 N.W.2d 256, 258 (Minn. 2000). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2012). The "touchstone" for statutory interpretation is the plain meaning of the language itself. *ILHC of Eagan, LLC v. Cnty. of Dakota*, 693 N.W.2d 412, 419 (Minn. 2005). Thus, when the words of a statute are "clear, explicit, unambiguous, and free from obscurity," we expound the language "according to the common sense and ordinary meaning of the words." *Krueger v. Zeman Const. Co.*, 758 N.W.2d 881, 885 (Minn. App. 2008) *aff'd*, 781 N.W.2d 858 (Minn. 2010). "When a statute's meaning is plain from its language as applied to the facts of the particular case, a judicial construction is not necessary." *Id*.

A district court has both statutory and inherent authority to expunge a petitioner's criminal records. *Ambaye*, 616 N.W.2d at 257. Minnesota Statute section 609A.01 allows a petitioner to seek a statutory-expungement of criminal records. Section 609A.02 provides the legal basis on which a criminal record may be expunged. Minn. Stat. § 609A.02. The section limits expungement to three specifically enumerated grounds, including (1) certain controlled-substance offenses, (2) juveniles prosecuted as adults, and (3) certain criminal proceedings resolved in favor of the petitioner. *Id*., subds. 1-3. The state argues that subdivisions 1 and 3 irreconcilably conflict with one another and this court's analysis should therefore be guided by subdivision 3, which is last in the statute and the latter-amended.

We look first to the plain language of the statute. With respect to certain controlled-substance offenses, the statute provides that:

4

> Upon the dismissal and discharge of proceedings against a person under section 152.18, subdivision 1, for violation of section 152.024, 152.025, or 152.027 for possession of a controlled substance, the person may petition under section 609A.03 for the sealing of all records relating to the arrest, indictment or information, trial, and dismissal and discharge.

Minn. Stat. § 609A.02, subd. 1.

Subdivision 3 sets out an alternative basis for expungement for criminal proceedings resolved in the petitioner's favor, stating:

> A petition may be filed under section 609A.03 to seal all records relating to an arrest, indictment or information, trial, or verdict if the records are not subject to section 299C.11, subdivision 1, paragraph (b), and if all pending actions or proceedings were resolved in favor of the petitioner.

Minn. Stat. § 609A.02, subd. 3(a).

The district court granted the petition to expunge the records relating to the controlled-substance offense under the statutory authority found in Minn. Stat. § 152.18 and § 609A.02, subd. 1, but denied the petition to expunge the records relating to the impaired-driving offense under its inherent authority. The state argues that it is "impossible to separate the two charges" in this case and contends that respondent is not entitled to expungement because not all actions were resolved in his favor. The district court rejected this argument, finding that respondent was entitled to expungement under subdivision 1, which "provides a specific remedy for specific controlled substance crimes."

5

The first step in our analysis is to "determine whether the statute's language, on its face, is ambiguous." *Christianson v. Henke*, 831 N.W.2d 532, 536 (Minn. 2013). A statute is ambiguous if the language is subject to more than one reasonable interpretation. *Id*. at 537. The language contained in subdivision 1 is clear and unambiguous: it allows for expungement of a controlled-substance crime when the defendant secures a stay of adjudication and is later granted dismissal or discharge of the proceedings. Minn. Stat. § 609A.02, subd. 1. In contrast to subdivision 3, subdivision 1 does not require that the proceedings be "resolved in favor of the petitioner." *Compare* Minn. Stat. § 609A.02, subd. 1, *with* subd. 3. In matters of statutory interpretation, "a condition expressly mentioned in one clause of a subdivision provides evidence that the Legislature did not intend for the condition to apply to other clauses in which the condition is not stated." *Seagate Tech., LLC v. W. Digital Corp.*, 854 N.W.2d 750, 759 (Minn. 2014). While the legislature incorporated the "resolved in favor of the petitioner" language in subdivision 3 for certain criminal proceedings, it elected not to do so for three specific controlled-substance offenses. Because the language is unambiguous, we "enforce the language of the statute," *Christianson*, 831 N.W.2d at 537, without incorporating language into subdivision 1 that the legislature "purposely or inadvertently" omitted. *Reiter v. Kiffmeyer*, 721 N.W.2d 908, 911 (Minn. 2006).

The state further argues that subdivision 3 controls in this case as the last-in-order and as the last provision amended, and claims that the district court should have applied the test outlined in subdivision 3: whether "all pending actions or proceedings were resolved in favor of the petitioner." Because respondent pleaded guilty to the impaired-

6

driving offense and "subjected himself to the sentencing powers of the court," the state claims that the matter was not resolved in respondent's favor and he is not entitled to statutory relief. The district court countered that it would "lead to an absurd or unreasonable result" to allow subdivision 3 to supersede subdivision 1 whenever a petitioner seeks to expunge a controlled-substance conviction arising out of the same incident as any other conviction. *See* Minn. Stat. § 645.17(1) (2012) (directing a court to presume that the legislature "does not intend a result that is absurd, impossible of execution, or unreasonable"). We agree.

Further, the state's argument renders subdivision 1 meaningless. This court must construe a statute so as to "harmonize and give effect to all its parts, and where possible, no word, phrase, or sentence will be held superfluous, void, or insignificant." *Seagate Tech., LLC*, 854 N.W.2d at 758-59; Minn. Stat. § 645.16 (2012). If the legislature had intended to disqualify a petitioner from gaining a statutory expungement on a controlled-substance conviction when that crime arose at the same time as another offense, it could have incorporated language to that effect into the statute. *See Rohmiller v. Hart*, 811 N.W.2d 585, 590 (Minn. 2012) (dissuading a court from adding words or meaning to a statute that were intentionally or inadvertently omitted). The fact that the legislature chose not to do so is accorded deference. *Id.*

The district court found that a statutory ground for expungement existed under subdivision 1, which explicitly authorizes relief upon the discharge of proceedings against a petitioner under a stay of adjudication for certain controlled-substance offenses. T.J.Z. received a stay of discharge and dismissal under Minn. Stat. § 152.18 and

complied with his probationary terms. In April 2013, the district court dismissed the proceedings against him and discharged him from probation without an adjudication of guilt. We determine that the district court properly applied the plain meaning of the statute.[2]

## II.

We next turn to the state's argument that the district court abused its discretion by finding clear and convincing evidence to grant an expungement. We review the district court's decision to expunge records for an abuse of discretion. *Ambaye*, 616 N.W.2d at 261. A district court abuses its discretion when it misinterprets or misapplies the law. *State v. Jedlicka*, 747 N.W.2d 580, 582 (Minn. App. 2008). The state argues that the district court failed to apply the correct standard of proof in analyzing the petition. Expungement of a criminal record will only be granted upon "clear and convincing evidence that it would yield a benefit to the petitioner commensurate with the disadvantages to the public and public safety[.]" Minn. Stat. § 609A.03, subd. 5. Clear and convincing evidence requires "more than a preponderance of the evidence but less

---

[2] The legislature recently amended the expungement statute effective January 1, 2015, rewording and reorganizing the method by which a petitioner may apply for an expungement. 2014 Minn. Laws ch. 246, § 6, at 810-14 (to be codified at Minn. Stat. § 609A.02, effective Jan. 1, 2015). Under the statute in effect at the time of T.J.Z.'s petition, subdivision 3 was limited to cases in which the criminal proceedings were resolved in favor of the petitioner. Minn. Stat. § 609A.02, subd. 3. T.J.Z. argues that under subdivision 3 as amended, there are now numerous ways in which a petitioner can qualify for expungement in addition to a showing that the criminal proceedings were resolved in the petitioner's favor. As explained above, we determine that the district court did not err in granting an expungement under subdivision 1 pertaining to certain controlled-substance crimes, and we therefore do not reach the parties' arguments concerning the newly amended subdivision 3.

than proof beyond a reasonable doubt." *Weber v. Anderson*, 269 N.W.2d 892, 895 (Minn. 1978).

Applying subdivision 5, the district court found that respondent "has proven by clear and convincing evidence that this extraordinary remedy of expungement would yield a benefit to him commensurate with the disadvantages to the public." In reaching this determination, a district court considers: (a) the extent a petitioner has demonstrated difficulties in securing employment or housing as a result of the records sought to be expunged; (b) the seriousness and nature of the offense; (c) the potential risk the petitioner poses and how this affects the public's right to access the records; (d) any additional offenses or rehabilitative efforts since the offense; and (e) other objective evidence of hardship under the circumstances. *State v. H.A.*, 716 N.W.2d 360, 364 (Minn. App. 2006). The *H.A.* test is a balancing test. *State v. N.G.K.*, 770 N.W.2d 177, 180 (Minn. App. 2009). The district court must make findings of fact relevant to these factors to allow for a meaningful review by this court. *See State v. A.S.E.*, 835 N.W.2d 513, 517-18 (Minn. App. 2013) (reversing and remanding for factual findings where district court failed to make specific findings).

The district court addressed the factors articulated in *H.A.* and made a specific factual finding with respect to each one. The district court found

> While this Court recognizes that the public has an interest in accessing information about an individual's drug possession conviction, sealing the record in accordance with a statutory remedy places the public at a minimal disadvantage. The benefit to Defendant is at least commensurate. The burden on the court and public authorities to issue, enforce, and monitor this expungement is likewise minimal. Redacting specific

9

references to the controlled substance conviction in judicial and executive branch files is not such a disadvantage that would outweigh the benefit to Defendant. Defendant has successfully complied with probation and the other requirements placed upon him as a result of his controlled substance conviction. Finally, prohibiting Defendant from seeking a statutory remedy would place an unnecessary hardship upon him under the circumstances.

The state argues that the evidence did not establish that the benefit to T.J.Z. in receiving an expungement was commensurate with the disadvantages to the public, given the district court's factual finding that T.J.Z. "did not present any specific evidence of rehabilitation" and "did not provide detailed evidence that he is unable to seek any employment as a result of this conviction." These findings go to the first and fourth prongs of the test regarding a petitioner's difficulty in securing employment and rehabilitative efforts. *H.A.*, 716 N.W.2d at 364-65. During the expungement hearing, the district court learned that T.J.Z.'s conviction "severely impact[ed] his ability to gain employment" and that his personal business was operating at a net loss. As a result, T.J.Z.'s parents are supporting him and his young daughter.

On the remaining *H.A.* factors, the district court determined that an expungement "places the public at a minimal disadvantage," that the benefit to respondent was "at least commensurate," that the administrative burden of expunging the records was "minimal," that respondent "successfully complied with probation" and other judicial requirements, and that denying expungement would place an "unnecessary hardship" on respondent. The district court did not abuse its discretion by granting the petition based on its conclusion that, on balance, clear and convincing evidence supported expungement.

10

## III.

Following the discharge of proceedings against a person under Minnesota Statute section 609A.02, subdivision 1, for a controlled-substance offense, a petition may be granted "for the sealing of all records relating to the arrest, indictment or information, trial, and dismissal and discharge." Minn. Stat. § 609A.02, subd. 1. The district court determined that T.J.Z. was entitled to an order sealing the records relating to the "arrest, indictment or information, trial and dismissal and discharge" of the controlled-substance charge. On appeal, the state argues that it is administratively difficult to seal only that portion of T.J.Z.'s criminal record relating to the controlled-substance offense while leaving the record of the impaired-driving offense undisturbed.

We understand the state's concerns, but it is not our role to fashion an administrative remedy for the state. *See St. Aubin v. Burke*, 434 N.W.2d 282, 284 (Minn. App. 1989) (directing that the court of appeals "is primarily decisional and error correcting rather than a legislative or doctrinal court. Its primary function is the correction of error by application of legal principles"), *review denied* (Minn. Mar. 29, 1989). Our task is to "find the law, to state it and to apply it to the facts." *Id.* If, as the state contends, the statutory remedy results in inconvenience or injustice to the state, then it is for the legislature, and not this court, to redress. *State ex rel. Coduti v. Hauser*, 219 Minn. 297, 303, 17 N.W.2d 504, 507-08 (1945). For the reasons explained above, the district court determined that T.J.Z. is entitled to have the records relating to his controlled-substance crime sealed under a plain reading of the relevant subdivision. We

find no error in the district court's order sealing criminal records related to that offense, and we affirm.

**Affirmed**.